UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DONNA LEZA,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, DONNA LEZA ("LEZA"), by and through her undersigned counsel, hereby sues METROPOLITAN LIFE INSURANCE COMPANY ("METROPOLITAN"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. LEZA brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. LEZA was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. METROPOLITAN is a corporation with its principal place of business in the State of New York, authorized to transact and is transacting business in the Southern District of

      Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, METROPOLITAN, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to LEZA by METROPOLITAN.

6. LEZA was at all times material an employee of Tata Consultancy Services, LTD. and Affiliated Companies ("TATA CONSULTANCY SERVICES").

7. LEZA was at all times material a plan participant under the TATA CONSULTANCY SERVICES Welfare Benefit Plan, Group Policy No. 122324-1-G (the "LTD Plan") which is established by TATA CONSULTANCY SERVICES and pursuant to which LEZA is entitled to benefits.

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. METROPOLITAN is the insurer of benefits under the LTD Plan and was appointed by TATA CONSULTANCY SERVICES, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, METROPOLITAN administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, METROPOLITAN is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, LEZA is entitled to LTD benefits

for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

   **Disabled** or **Disability** means that, due to Sickness or as a direct result of accidental injury:
   • You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
   • You are unable to earn:
   • during the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and
   • after such period, more than 60% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience.

   For purposes of determining whether a Disability is the direct result of an accidental injury, the Disability must have occurred within 90 days of the accidental injury and resulted from such injury independent of other causes.

13. Since approximately August 10, 2012, LEZA has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, LEZA made a claim to METROPOLITAN under the LTD Plan for disability benefits.

15. METROPOLITAN originally approved LEZA's claim for LTD benefits and paid benefits through November 7, 2014.

16. By letter dated October 16, 2014, METROPOLITAN notified LEZA of their decision to terminate her LTD benefits effective November 8, 2014.

17. LEZA timely appealed METROPOLITAN'S October 16, 2014 adverse benefit determination.

18. By letter dated March 16, 2015, METROPOLITAN affirmed their decision to terminate LEZA's LTD benefits.

19. At all relevant times, LEZA complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

20. At all relevant times, as a result of sickness or accidental injury, LEZA has been unable earn more than 80% of her predisability earnings at her own occupation from TATA CONSULTANCY SERVICES or any employer in her local economy.

21. At all relevant times, as a result of sickness or accidental injury, LEZA has been unable to earn more than 60% of her predisability earnings from any employer in her local economy at any gainful occupation for which she is reasonably qualified taking into account her training, education, and experience.

22. At all relevant times, LEZA has been under the regular care of a doctor.

23. At all relevant times, LEZA was a Covered Person under the LTD Plan.

24. From November 8, 2014, to the present date, LEZA has not received benefits owed to her under the LTD Plan, despite LEZA's right to these benefits.

25. At all relevant times, METROPOLITAN was the payer of benefits.

26. At all relevant times, METROPOLITAN was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, METROPOLITAN was the Plan Administrator and named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

28. At all relevant times, LEZA has been and remains Disabled and entitled to LTD benefits from METROPOLITAN under the terms of the LTD Plan.

29. LEZA has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

30. LEZA incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), LEZA, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. LEZA has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of METROPOLITAN'S failure to pay her disability benefits.

34. LEZA has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to LEZA at a time when METROPOLITAN knew, or should have known, that LEZA was entitled to those benefits under the terms of the LTD Plan, as LEZA was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of LEZA's claim for LTD benefits;

    (c) After LEZA's claim was denied in whole or in part, METROPOLITAN failed to adequately describe to LEZA any additional

material or information necessary for LEZA to perfect her claim, along with an explanation of why such material is or was necessary.

(d) METROPOLITAN failed to properly and adequately investigate the merits of LEZA's disability claim and failed to provide a full and fair review of LEZA's claim.

36. LEZA believes and thereon alleges that METROPOLITAN wrongfully denied her claim for disability benefits under the LTD Plan by other acts or omissions of which LEZA is presently unaware, but which may be discovered in this future litigation and which LEZA will immediately make METROPOLITAN aware of once said acts or omissions are discovered by LEZA.

37. Following the denial of benefits under the LTD Plan, LEZA exhausted all administrative remedies required under ERISA, and LEZA has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of METROPOLITAN, LEZA has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding LEZA's claim for benefits, LEZA, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), LEZA is entitled to have such fees and costs paid by METROPOLITAN.

40. The wrongful conduct of METROPOLITAN has created uncertainty where none should exist; therefore, LEZA is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, DONNA LEZA prays for relief against METROPLITAN LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 27, 2015

                                      ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Rachel Alters*

RACHEL ALTERS, ESQUIRE
Florida Bar No:106232
Email: Rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com